IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV80 |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL S. LUTHER, LAURA | ) | ORDER |
| DODGE LUTHER, ATELIER | ) | |
| PARTNERS, CYCLONE ASSETS, | ) | |
| SCOTT J. ESPARZA, BARRY | ) | |
| FEINER, GARY FROMM, JOSEPH | ) | |
| M. HALLER, as trustee for the | ) | |
| Joseph E. Haller Family Trust, | ) | |
| RICHARD HIERONS, KLEINWORT | ) | |
| BENSON (USA), INC., DRESDNER | ) | |
| KLEINWORT HOLDINGS, INC., | ) | |
| GERALD C. KORTH, PORTFOLIO | ) | |
| RECOVERY ASSOCIATES, LLC, | ) | |
| TAG VIRGIN ISLANDS, INC., | ) | |
| ACCREDITED COLLECTION | ) | |
| SERVICE, INC., and MSW | ) | |
| CAPITAL, LLC, | ) | |
| | ) | |
| Defendants. | | |

Defendant Laura Dodge Luther ("Ms. Luther") has moved for a protective order specifying terms for the disclosure of discovery and the manner in which certain documents are filed in this Court. In particular, Ms. Luther wants to prevent public disclosure of personal tax information, IRS collection information, and information regarding her personal wealth and assets. (Filing 118.) Defendant Michael S. Luther ("Mr. Luther"), Ms. Luther's husband, has joined Ms. Luther's motion. (Filing 136.) For the reasons explained below, Ms. Luther's motion will be granted, in part.

**BACKGROUND**

Plaintiff brought this action seeking (1) to reduce to judgment federal tax assessments

made against Mr. Luther; (2) a declaration that Ms. Luther is acting as Mr. Luther's nominee; and (3) to foreclose federal tax liens encumbering the Luthers' home (the "property"), which is held in Ms. Luther's name.¹ (Filing 1.) Plaintiff alleges that Ms. Luther holds title as Mr. Luther's nominee because, among other things, Mr. Luther provided the majority of the funds used to purchase the property and pays for most of the household expenses. Plaintiff maintains that Ms. Luther took title to the property, purportedly as a "gift" from her husband, after Mr. Luther had incurred millions of dollars in debt and when legal action to collect this debt was reasonably foreseeable. Plaintiff argues that Ms. Luther actively participated in Mr. Luther's efforts to evade his creditors by taking title to the home.

On May 10, 2013, Ms. Luther filed the present motion, along with a proposed protective order. Ms. Luther's proposed order restricts the disclosure of tax information, including, tax returns, tax audits, and revenue officer and agent communications and notes regarding Mr. and Ms. Luther, as well as other documents designated as confidential by the parties. (Filing 119-3.) While documents designated as "confidential" would be available to all parties to this action, Ms. Luther's proposed order limits access to tax information to Plaintiff and Mr. and Ms. Luther. (Id.) The proposed order does, however, permit the other parties to move the Court for a determination that they are entitled to receive copies of such documents. (Id.)

Plaintiff opposes Ms. Luther's request for a protective order. The other parties to this case have not filed a response.

## DISCUSSION

Generally, parties may discover relevant, non-privileged information that is reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26. However, a court may issue a protective order to prevent or limit discovery in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Id. The moving party bears the burden to "show the necessity of [the protective order's] issuance, which contemplates a particular and specific demonstration of fact, as distinguished from

---

¹ The other defendants in this action are judgment creditors of Mr. Luther.

stereotyped and conclusory statements." *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (internal quotation and citation omitted). When evaluating the need for a protective order, courts must "include a consideration of the relative hardship to the non-moving party should the protective order be granted." *Id*. "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Ms. Luther argues that good cause for a protective order exists because no party to this lawsuit has a money judgment claim against her. She asserts that the disclosure of her personal financial information, tax returns, IRS examinations, and IRS files regarding her and Mr. Luther is an invasion of privacy and that the disclosure of this information would have a negative impact on her children. Ms. Luther points out that no other party has objected to her motion and that the proposed protective order places no restrictions on Plaintiff, other than the manner in which certain documents are submitted to the Court and disclosed to third-parties.

Plaintiff contends, however, that Ms. Luther actively participated in Mr. Luther's efforts to evade his creditors by taking title to the home as a sham "gift." For this reason, according to Plaintiff, Ms. Luther's personal finances are highly relevant to this case. Plaintiff argues that the imposition of a protective order is inappropriate because Ms. Luther only seeks such an order to shield her attempts to place Mr. Luther's assets beyond the reach of his creditors from the public eye.

"[C]ourts have made it increasingly clear that tax returns in the hands of a taxpayer are not privileged from civil discovery." *E-P Int'l Distribution, Inc. v. A & A Drug Co.*, No. 8:07CV186, 2009 WL 1442534, *5 (D. Neb. May 21, 2009) (quotation and citation omitted). Still, courts often require a "heightened showing of relevance and necessity" before ordering the disclosure of tax information. *Id*. Here, Ms. Luther is not asking that Plaintiff be completely precluded from viewing tax and other confidential information. In fact, as mentioned previously, Ms. Luther's proposed order places few restrictions on Plaintiff - the sole objector to Ms. Luther's motion. Because the entry of a protective order which limits public disclosure of tax and other information found to be confidential will not prejudice Plaintiff, Ms. Luther's request for a protective order will be granted.

      Nevertheless, the Court finds that Ms. Luther's proposed protective order is overly broad. The Court sees no reason why the other parties to this suit need to be completely shielded from tax-related information. A protective order which allows these documents, and others when appropriate, to be designated as confidential and limits access to all parties and the Court is sufficient. Therefore, to the extent that Ms. Luther's request for a protective order seeks to preclude the other parties to this suit from having automatic access to tax information, it is denied. The Court will, however, approve a reasonable protective order which allows certain documents, including tax documents, to be designated as confidential and limits access to the Court and the parties, as well as other individuals or groups identified by the parties.

      Accordingly,

      **IT IS ORDERED** that Laura Dodge Luther's Motion for Protective Order (filing 118) is granted, in part. By or before July 5, 2013, the parties shall jointly submit a proposed protective order which incorporates the rulings delineated herein.

      **DATED June 20, 2013.**

                                        **BY THE COURT:**

                                        **S/ F.A. Gossett**
                                        **United States Magistrate Judge**