## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Civil No. 8:12-cv-80-LSC-FG3 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PROTECTIVE ORDER |
| | ) | |
| MICHAEL S. LUTHER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On May 10, 2013, Defendant Laura Dodge Luther filed a motion for protective order (filing 118) seeking to limit disclosure of certain information produced in this case, including personal tax information.  This motion was joined by Defendant Michael Luther.  On June 20, 2013, the Court granted Ms. Luther's motion, in part, stating that the Court would approve a reasonable protective order which allows documents, including tax documents, to be designated as confidential and limits access to the Court and the parties.  (Filing 143.)  The Court directed the parties to confer and jointly submit a proposed protective order by July 5, 2013.  Despite their efforts, the parties have been unable to reach an agreement with respect to appropriate terms for a protective order to govern this matter.  Consequently, the parties separately submitted proposed protective orders to the Court by email.  Upon review and consideration of these proposed orders, the Court enters a protective order as follows.

**IT IS ORDERED:**

1.     This Protective Order shall apply to any agents, attorneys, accountants, consultants, employees, parent companies, subsidiaries, officers, directors and employees of the parties, including but not limited to personnel of an office, board, division, or bureau of the

Department of Justice and Department of Treasury, individually and collectively ("Department"), clerical personnel and supervisory personnel of the Department, officers and employees of the Internal Revenue Service, and officers and employees of another federal agency working under the direction and control of the Department of Justice.

2.      The terms contained in this Protective Order shall apply to all documents (including all copies, excerpts and summaries thereof) produced, present or future, and deposition testimony provided, as between the parties and through the third party subpoenas served, in connection with the above referenced suit (collectively "Discovery Material"), or further documents derived or created in whole or in part from Discovery Material.

3.      Discovery Material either expressly designated as confidential or "Luther Return Information" as hereinafter defined shall be subject to protections and restrictions regarding confidential documents within this Order.  Discovery Material that is deemed confidential shall be stamped by the producing party "CONFIDENTIAL."  The acceptance by the non-designating party of materials designated as confidential, whether received in discovery or otherwise, shall not be construed to waive the non-designating party's right later to object to the designation in accordance with the terms of this Order.

4.      "Luther Return Information" means (a) any and all documents that are "return" or "return information" as defined in 26 U.S.C. § 6103 in relation to Michael or Laura Luther, and (b) to the extent not "return information" any and all documents evidencing (i) IRS auditing or investigation of Defendants Michael or Laura Luther, (ii) IRS officers' and agents' communications, notes, and actions regarding Defendants Michael or Laura Luther, (iii) financial asset documentation regarding Defendants Michael or Laura Luther including check images, and checking, savings, or brokerage account statements, and (iv) notes that summarize or republish

2

any of said information.  Excluded from this definition are documents that were, prior to commencement of this action, publicly disclosed in a manner not in violation of any agreement or court order.

5.      All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words:  "CONFIDENTIAL".

6.      If a document marked confidential is introduced during a deposition, the portion of the deposition regarding the confidential document may be designated confidential, if such designation is made on the record at the time of the deposition or within fourteen (14) days after the transcript of the deposition has been delivered to the parties ordering a copy by written notice and delineation.  The portions of the transcript designated as confidential shall be affixed with the words:  "CONFIDENTIAL".

7.      Except as otherwise provided in this Protective Order, information or documents designated as confidential by a party under this Protective Order shall not be used or disclosed by the remaining parties or their counsel or any persons identified in Paragraphs 1 and 7 of this Protective Order for any purposes whatsoever other than preparing for and conducting the litigation in this lawsuit (including any appeals).

8.      The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Protective Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i)      Disclosure may be made to employees of counsel for the parties, or to employees of the parties necessary to properly accomplish any purpose or activity described in 26 U.S.C. §§ 6103(h) or (k)(6) and the regulations thereunder, which is necessary for the preparation and

trial of the above-captioned lawsuit, which include those employees that may be witnesses.  Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Protective Order requiring that the documents and information be held in confidence;

(ii)    Disclosure may be made to the Court and its employees;

(iii)    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents; and

(iv)    Subject to the receiving party executing a Confidentiality Agreement in the form attached as Exhibit A agreeing to be bound by the terms of this Protective Order, disclosure may be made to:

(a)    any independent outside experts or consultants retained by the parties or their counsel for purposes of this litigation;

(b)    employees and subcontractors of the independent outside experts or consultants retained by the parties or by their counsel for purposes of this litigation in paraprofessional, clerical, stenographic and ministerial positions; and

(c)    any third-party fact witnesses or potential fact witnesses when a good faith determination is made that the documents would be relevant to their testimony or potential testimony and ten days prior written notice of disclosure is given to the party who originally produced the confidential documents, and the disclosing party does not object in writing within ten (10) days of receiving the notice.

9.      Except as provided otherwise in this Protective Order, counsel for the parties shall keep all Discovery Material designated as confidential secure within their exclusive possession and must place such documents in a secure area.  The parties shall retain all copies of the Confidentiality Agreements executed until this action is resolved.

10.      Nothing in this Protective Order limits the right of any party to seek any protection it deems necessary for any documents or information, in accordance with Rule 26 of the Federal Rules of Civil Procedure.

11.      Any party may at any time serve a written objection to any designation of confidentiality made by the designating party.  This notice shall specifically identify the material or information to which the objecting party wishes to have the designation removed. Within seven (7) days of receipt of such objection, the designating party (i) shall review the material to which the objection applies, (ii) notify the objecting party in writing whether the designating party will agree to remove the designation as requested, and (iii) if it will not agree to remove the designation, the designating party will state with specificity its reasons for not agreeing. If an agreement cannot be reached, either party may move for a ruling from the Court.  The material at issue will be treated as confidential until a Court order determines the material is not confidential.

12.      If Discovery Materials designated confidential are to be filed with the Court, absent consent they shall be filed under seal or in a similar matter such that public access is prohibited.   Nothing in this Protective Order shall be grounds for limiting or restricting the use of materials filed with the court at trial.

13.      Nothing in this Protective Order shall prevent disclosure of any confidential information if the designating party consents in writing to the disclosure.

14. Notwithstanding any provision of this Protective Order, the parties may disclose confidential information or documents if necessary to comply with a subpoena or court order, whether or not originating with the Court in this captioned Protective Order. Within seven days of when it is recognized that disclosure of confidential information or documents is required to comply with a subpoena or court order, the party shall give prompt written notice to the designating party of the impending disclosure, unless otherwise prohibited by law.

15. Notwithstanding any provision of this Protective Order, where counsel believe confidential information or documents, either on its face or in conjunction with other information, indicates a violation or potential violation of law—criminal, civil, or regulatory in nature—the relevant information or documents may be disclosed to the appropriate federal, state, local, foreign, or tribal, law enforcement authority or other appropriate agency charged with the responsibility of investigating or prosecuting such a violation or enforcing or implementing such law.

16. At the conclusion of this litigation (including any appeals) all material designated confidential pursuant to the terms of this Protective Order shall either be destroyed or returned to the designating party, within sixty (60) days after the conclusion of the litigation, except with respect to (a) material that becomes part of the Court record in this matter, (b) work product of counsel, (c) transcripts, exhibits, and other documents required to be maintained by the Plaintiff's written record retention policy, provided that all material designated confidential in such retained material is maintained in accordance with the provisions hereof.

17. This Protective Order may be modified or amended only by an order of this Court or by stipulation between the parties.

**DATED July 16, 2013.**

6

**BY THE COURT:**


**S/ F.A. Gossett**
**United States Magistrate Judge**

## EXHIBIT A

CONFIDENTIALITY AGREEMENT

I have received and read all the terms of the Protective Order in the action captioned *United States of America v. Michael S. Luther, et al.*, Civil No. 8:12-cv-80-LSC-FG3, and understand and hereby agree to be bound by all the terms thereof with respect to the use and disclosure of information and materials designated as "CONFIDENTIAL".  I further expressly agree that I will not in any way use, disclose, discuss, summarize, reveal or refer to any information or material designated "CONFIDENTIAL" for any purpose whatsoever other than as permitted in the terms of the Protective Order, unless the Court hereafter alters the Protective Order or its applicability to me.


Dated:  _____


_____
Signature


_____
Print Name


_____


_____
Print Name, Address, and Phone Number of
Company or Firm

8