IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | 8:12CV80 |
| | ) | |
| V. | ) | |
| | ) | |
| **MICHAEL S. LUTHER, LAURA** | ) | ORDER |
| **DODGE LUTHER, ATELIER** | ) | |
| **PARTNERS, CYCLONE ASSETS,** | ) | |
| **SCOTT J. ESPARZA, BARRY** | ) | |
| **FEINER, GARY FROMM, JOSEPH** | ) | |
| **M. HALLER, as trustee for the** | ) | |
| **Joseph E. Haller Family Trust,** | ) | |
| **RICHARD HIERONS, KLEINWORT** | ) | |
| **BENSON (USA), INC., DRESDNER** | ) | |
| **KLEINWORT HOLDINGS, INC.,** | ) | |
| **GERALD C. KORTH, PORTFOLIO** | ) | |
| **RECOVERY ASSOCIATES, LLC,** | ) | |
| **TAG VIRGIN ISLANDS, INC.,** | ) | |
| **ACCREDITED COLLECTION** | ) | |
| **SERVICE, INC., and MSW** | ) | |
| **CAPITAL, LLC,** | ) | |
| | ) | |
| **Defendants.** | | |

The undersigned conducted a settlement conference in this case on February 13, 2014, which ultimately resulted in a settlement agreement between Plaintiff and Defendants Michael and Laura Luther. During the course of the settlement conference, Mr. Luther submitted to Plaintiff's counsel amended tax returns for the years 2004, 2005, 2006 and 2007, and tax returns for the years 2008, 2009, 2010, 2011 and 2012. Defendant Gerald Korth has moved to compel Plaintiff and Mr. Luther to produce copies of these tax returns. (Filing 203.) Defendant Atelier Partners joins Mr. Korth's motion.

In opposition to the motion to compel, Mr. Luther contends that the subject returns are protected by Rule 408 of the Federal Rules of Evidence. Mr. Luther represents that the returns were never filed with the IRS and were prepared solely for the settlement conference.

Rule 408 precludes the admission of evidence of conduct or statements made in compromise negotiations. Fed. R. Evid. 408. Rule 408 also applies to documents prepared in connection with settlement negotiations. *See* EEOC v. UMB Bank Financial Corp., 558 F.3d 784, 791 (8th Cir. 2009) (stating that "[t]he spirit of [Rule 408] . . . supports the exclusion of certain work product, internal memos, and other materials created specifically for the purpose of conciliation, even if not communicated to the other party" and that Rule 408 is "sufficiently broad to encompass certain material in addition to actual offers of settlement"); Blu-J, Inc. v. Kemper C.P.A. Group, 916 F.2d 637, 641-42 (11th Cir. 1990) (finding that a report prepared by an accountant for the purpose of compromise negotiations was properly excluded); Ramada Dev. Co. v. Rauch, 644 F.2d 1097, 1106-07 (5th Cir. 1981) (holding an internal report made during the course of settlement negotiations was properly excluded under Rule 408). However, Rule 408 speaks to the admissibility of evidence, not to whether a particular document is discoverable pursuant Rule 26 of the Federal Rules of Civil Procedure. Rule 26 provides that parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claims and defenses. Fed. R. Civ. P. 26. Under Rule 26, relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.

The ultimate question here is whether the tax returns are relevant to the issues involved in this litigation. Having carefully considered the matter, the Court concludes that they are not. Mr. Korth and Atelier were named as defendants because they had received judgments against Mr. Luther in the District Court of Douglas County, Nebraska, and, accordingly, could assert an interest in the real property against which Plaintiff sought to foreclose its tax liens. As defendants, Mr. Korth and Atelier filed counter-claims against Plaintiff, seeking to establish the rights and priorities of their judgment liens. Mr. Korth and Atelier contend that Mr. Luther's returns are relevant to this suit because, as creditors, they are entitled to information regarding Mr. Luther's finances. The Court disagrees. Although the purported returns could be relevant to state collection proceedings, they have no bearing on the lien priority issues remaining in this case. Moreover, and in any event, the information sought could potentially be obtained through a debtors examination or through other means in state court.

Accordingly,

**IT IS ORDERED** that Defendant Gerald Korth's Motion to Compel (filing 203) is denied.

**DATED March 13, 2014.**

          **BY THE COURT:**

          S/ F.A. Gossett
          **United States Magistrate Judge**