**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **CASE NO.  8:12CV80** |
| **vs.** | |
| **MICHAEL S. LUTHER, LAURA DODGE LUTHER, ATELIER PARTNERS, CYCLONE ASSETS, SCOTT J. ESPARZA, BARRY FEINER, GARY FROMM, JOSEPH M. HALLER, as trustee for the Joseph E. Haller Family Trust, KLEINWORT BENSON (USA), INC., DRESDNER KLEINWORT HOLDINGS, INC., GERALD C. KORTH, PORTFOLIO RECOVERY ASSOCIATES, LLC, TAG VIRGIN ISLANDS, INC., ACCREDITED COLLECTION SERVICE, INC., and MSW CAPITAL, LLC,** | **MEMORANDUM AND ORDER** |
| **Defendants.** | |

This matter is before the Court on its own motion to dismiss.  Federal Rule of Civil Procedure 12(h)(3) provides, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."   In the process of reviewing the pending Motion to Dismiss filed by Michael S. Luther and joined by Laura Dodge Luther (Filing Nos. 220 and 223), the Court has attempted to verify its subject-matter jurisdiction over any remaining claims filed by defendants who were made parties to this action pursuant to 26 U.S.C. § 7403.

The Court's original jurisdiction over this case appears to have been founded on 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403.  Sections 1340 and 1345 of Title 28 give the federal district courts original jurisdiction over civil actions

"commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress," and arising "under any Act of Congress providing for internal revenue . . . ."  Under 26 U.S.C. § 7402(e), the federal district courts have original jurisdiction over "any action brought by the United States to quiet title to property if the title claimed by the United States to such property was derived from enforcement of a lien under this title."  Pursuant to 26 U.S.C. § 7403(b), "[a]ll persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto."

The United States brought this action against Michael S. Luther and Laura Dodge Luther to foreclose on its federal tax liens against real property (the "Property") allegedly acquired by Laura Dodge Luther, as Michael S. Luther's nominee.  In bringing this action, the United States sought to satisfy, or partly satisfy, Michael S. Luther's unpaid tax obligations.  The remaining defendants, Atelier Partners; Cyclone Assets; Scott J. Esparza; Barry Feiner; Gary Fromm; Joseph M. Haller, as trustee for the Joseph E. Haller Family Trust; Kleinwort Benson (USA), Inc.; Dresdner Kleinwort Holdings, Inc.; Gerald C. Korth; Portfolio Recovery Associates, LLC; TAG Virgin Islands, Inc.; Accredited Collection Service, Inc.; and MSW Capital, LLC, were all made parties to this action pursuant to 26 U.S.C. § 7403 as persons that may claim an interest in the Property.

The United States has dismissed with prejudice all claims against Michael S. Luther and Laura Dodge Luther.  (Order of Dismissal, Filing No. 219.)  Therefore, it appears the Court no longer has jurisdiction over claims against the United States by the remaining defendants made parties to this action pursuant to 26 U.S.C. §7403.

2

On April 21, 2014, this Court issued an Order to Show Cause (Filing No. 229) requiring each party with any pending claim to file a memorandum showing cause why the claim should not be dismissed by this Court due to lack of subject-matter jurisdiction, and why this Court should not enter a final judgment in this case. The deadline for filing has passed, and none of the remaining parties filed a response to the Court's Order.

Because the United States no longer seeks to foreclose on its federal tax liens against the Property, the Court lacks jurisdiction over claims made by parties added under 26 U.S.C. § 7403, because there is no longer a controversy between the United States and persons claiming interest in the Property.[1]

Accordingly,

IT IS ORDERED:

1. Any pending claims against the United States in the above-captioned matter are dismissed with prejudice;

2. Any pending claims between defendants in the above-captioned matter are dismissed without prejudice;

3. Michael S. Luther's Motion to Dismiss (Filing No. 220); Laura Dodge Luther's joinder to Michael S. Luther's Motion to Dismiss (Filing No. 223); and the

---

[1] Even if this Court had supplemental jurisdiction over such claims, dismissal is proper under 28 U.S.C. (c)(3). ("The district courts may decline to exercise supplemental jurisdiction" when "the district court has dismissed all claims over which it has original jurisdiction . . . .").

3

Objections[2] submitted by Defendant Gerald C. Korth (Filing No. 224) and

Defendant Atelier Partners (Filing No. 225) are denied as moot; and

4.      A separate judgment will follow.

Dated this 12th day of May, 2014.

                                        BY THE COURT:

                                        s/Laurie Smith Camp
                                        Chief United States District Judge

---

         [2]    Filing No. 222 was submitted as a responsive brief, rather than an objection, consistent with this Court's local rules.  See NECivR 7.1(b).